FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 04 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEBBIE WELKER**                                                                   **PLAINTIFF**

vs.                         No. 4:20-cv-119-DPM

**GREAT CLIPS, INC.**                                              **DEFENDANT**

*This case assigned to District Judge Marshall
and to Magistrate Judge Ray*

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Debbie Welker, by and through her attorneys Tess Bradford and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendant Great Clips, Inc., she states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's retaliation against Plaintiff under the FLSA.

### II. JURISDICTION AND VENUE

2. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

4. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

5. Plaintiff is an individual and resident of Faulkner County.

6. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

7. Defendant is a foreign, for-profit corporation.

8. Defendant owns and operates several hair salons throughout Arkansas.

9. Defendant's registered agent is National Registered Agents, Inc., at 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

10. Defendant has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

11. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Plaintiff was hired by Defendant to work as a stylist and assistant manager.

14. Plaintiff worked at Defendant's salon in Russellville for one day in January of 2020.

15. Plaintiff's pay rate was $11.50 per hour.

Page 2 of 6
Debbie Welker v. Great Clips, Inc.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-____
Original Complaint

16. Defendant required stylists and all other hourly employees to clock out during any break from work, no matter how long the duration.

17. Upon information and belief, Defendant's timecard system rounded to the nearest five-minute mark.

18. This system of rounding led to consistent rounding errors which did not favor employees. For example, Defendant required Plaintiff to clock out to run outside and get something from her car. Despite Plaintiff being away from the store for a minute or less, Plaintiff's timecard showed a five-minute break.

19. Plaintiff was also required to set up her station before she clocked into work, which took about fifteen minutes, and to stay after she clocked out to close.

20. It is Defendant's policy to deduct thirty dollars ($30.00) from each employee's first paycheck for "administrative fees."

21. Upon information and belief, Defendant's policies led to regular FLSA violations.

22. Defendant knew or showed reckless disregard for whether their actions violated the FLSA.

23. On Plaintiff's first and only day of work, she informed her manager and the general manager that Defendant's pay policies violated the law and that, as assistant manager, she was not comfortable enforcing such policies.

24. Defendant immediately fired Plaintiff due to her refusal to follow Defendant's unlawful policies.

25. Upon information and belief, Defendant terminated Plaintiff's employment in retaliation for asserting her rights under the FLSA.

## V.   CLAIM FOR RELIEF
### (Violation of the Anti-Retaliation provisions of the FLSA)

26.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

27.    Defendant's termination of Plaintiff was a direct and willful violation of the FLSA's anti-retaliation provision at subsection 215(a)(3), which forbids employers from firing or otherwise taking retaliatory action against individuals who have asserted their rights under the FLSA.

28.    Pursuant to the FLSA, employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

29.    Plaintiff engaged in protected activity by complaining about the way she was paid and refusing to enforce such policies.

30.    Defendant fired Plaintiff in a clear act of retaliation against Plaintiff solely due to Plaintiff's complaint.

31.    Plaintiff should be compensated for lost income due to Defendant's unlawful retaliation, and should be compensated for any pain, suffering, or loss of face suffered as a result of Defendant's actions.

32.    Further, punitive damages should be assessed against Defendant for its blatant and willful actions to retaliate against Plaintiff for her assertion of her rights under the FLSA in direct and intentional violation of the anti-retaliation provisions of the FLSA.

33.     Any employees of Defendant who participated in the retaliatory acts against Plaintiff should be subject to criminal sanction pursuant to 29 U.S.C. § 216(a).

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Debbie Welker respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.      Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.      Judgment for damages owed to Plaintiff pursuant to the FLSA and its related regulations;

C.      An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

D.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF DEBBIE WELKER**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Tess Bradford

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

/s/ Josh Sanford

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com