FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 18 2020

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEBBIE WELKER**　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

vs.　　　　　　　　　　No. 4:20-cv-119-DPM

**GREAT CLIPS, INC.,**　　　　　　　　　　　　　　　　　　　DEFENDANTS
**and QUO CLIPS, LLC**

### FIRST AMENDED AND SUBSTITUTED COMPLAINT

COMES NOW Plaintiff Debbie Welker, by and through her attorneys Tess Bradford and Josh Sanford of Sanford Law Firm, PLLC, and for her First Amended and Substituted Complaint against Defendants Great Clips, Inc., and Quo Clips, LLC, (hereinafter collectively "Defendant"), states and alleges as follows:

### I.　　PRELIMINARY STATEMENTS

1.　　Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's retaliation against Plaintiff under the FLSA.

2.　　The purpose of this First Amended and Substituted Complaint is to clarify the nature of Plaintiff's retaliation claim under the FLSA and to add Quo Clips, LLC, as a Defendant.

## II.     JURISDICTION AND VENUE

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.     The acts complained of herein were committed and had their principal effect against Plaintiff within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

5.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

6.     Plaintiff is an individual and resident of Faulkner County.

7.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

8.     Defendant Great Clips, Inc., is a foreign, for-profit corporation.

9.     Defendant Great Clips, Inc., owns and operates several hair salons throughout Arkansas.

10.     Defendant Great Clips, Inc.'s, registered agent is National Registered Agents, Inc., at 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

11.     Defendant Great Clips, Inc., had at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, such as cosmetic and haircare equipment and office equipment, in each of the three years preceding the filing of the Original Complaint.

12. Defendant Great Clip, Inc.'s, annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13. Defendant Quo Clips, LLC, is a domestic limited liability company.

14. Defendant Quo Clips, LLC, owns and operates a Great Clips hair salon located at 106 Weir Road, Suite 1, Russellville, Arkansas 72802.

15. Defendant Quo Clips, LLC's, registered agent is Geoffrey Quo, 4524 Kenyon Drive, Little Rock, Arkansas 72205.

16. Defendant Quo Clips, LLC, has at least two employees engaged in commerce or in the production of goods for commerce, or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, such as cosmetic and haircare equipment and office equipment, in each of the three years preceding the filing of the Original Complaint.

17. Defendant Quo Clips, LLC's, annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18. Upon information and belief, Defendant Great Clips, Inc., and Quo Clips, LLC, are the joint employers of Plaintiff.

19. Upon information and belief, Defendant Great Clips, Inc., and Quo Clips, LLC, took an active role in operating the Great Clips wherein Plaintiff was employed and shared in the management thereof.

20. Upon information and belief, Defendant Great Clips, Inc., exercised comprehensive control over the day-to-day operations of Quo Clips, LLC, including Plaintiff's employment.

21. Upon information and belief, all employees of Quo Clips, LLC, including Plaintiff, are to follow the directions of Great Clips, Inc., with respect to performing work.

22. Upon information and belief, all employees of Quo Clips, LLC, including Plaintiff, are expected to follow Defendant Great Clips, Inc.'s, dress code and guidelines.

23. Upon information and belief, Defendant Great Clips, Inc., developed the training necessary for employees of Quo Clips, LLC, including Plaintiff, to perform work.

## IV.  FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Plaintiff was hired by Defendant to work as a stylist and assistant manager.

14. Plaintiff worked at Defendant's salon in Russellville for one day in January of 2020.

15. Plaintiff's pay rate was $11.50 per hour.

16. Defendant required stylists and all other hourly employees to clock out during any break from work, no matter how long the duration.

17. Upon information and belief, Defendant's timecard system rounded to the nearest five-minute mark.

18. This system of rounding led to consistent rounding errors which did not favor employees. For example, Defendant required Plaintiff to clock out to run outside and get

something from her car. Despite Plaintiff being away from the store for a minute or less, Plaintiff's timecard showed a five-minute break.

19. Plaintiff was also required to set up her station before she clocked into work, which took about fifteen minutes.

20. It is Defendant's policy to deduct thirty dollars ($35.00) from each employee's first paycheck for "administrative fees" if an employee quits or is terminated within ninety (90) days of his or her first day of employment.

21. Upon information and belief, Defendant's policies caused Plaintiff's regular rate to fall below minimum wage.

22. Defendant knew or showed reckless disregard for whether their actions violated the FLSA.

23. On Plaintiff's first and only day of work, she informed her manager and the general manager that Defendant's pay policies violated the law and that, as assistant manager, she was not comfortable enforcing such policies.

24. Defendant immediately fired Plaintiff due to her refusal to follow Defendant's unlawful policies.

25. Upon information and belief, Defendant terminated Plaintiff's employment in retaliation for asserting her rights under the FLSA.

V. **CLAIM FOR RELIEF**

**(Violation of the Anti-Retaliation provisions of the FLSA)**

26. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

27.     Defendant's termination of Plaintiff was a direct and willful violation of the FLSA's anti-retaliation provision at subsection 215(a)(3), which forbids employers from firing or otherwise taking retaliatory action against individuals who have asserted their rights under the FLSA.

28.     Pursuant to the FLSA, employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

29.     Plaintiff engaged in protected activity by complaining about the way she was paid and refusing to enforce such policies.

30.     Defendant fired Plaintiff in a clear act of retaliation against Plaintiff solely due to Plaintiff's complaint.

31.     Plaintiff should be compensated for lost income due to Defendant's unlawful retaliation, and should be compensated for any pain, suffering, or loss of face suffered as a result of Defendant's actions.

32.     Further, punitive damages should be assessed against Defendant for its blatant and willful actions to retaliate against Plaintiff for her assertion of her rights under the FLSA in direct and intentional violation of the anti-retaliation provisions of the FLSA.

33.     Any employees of Defendant who participated in the retaliatory acts against Plaintiff should be subject to criminal sanction pursuant to 29 U.S.C. § 216(a).

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Debbie Welker respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.     Judgment for damages owed to Plaintiff pursuant to the FLSA and its related regulations;

C.     An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

D.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF DEBBIE WELKER**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com